THE BANK OF COMMERCE, Plaintiff in Error, *vs.* SELDEN, WITH-ERS & Co., Defendants in Error.

Evidence not tending to support the issues tendered by the party offering it, is incompetent.

Generally, a witness must testify of his own *knowledge*, and from his recollection of *facts* within his own knowledge; and not to his *belief* or opinion.

But questions of *identity* and personal skill, are exceptions to this rule; in such cases a witness may testify to a belief.

The impressions of a witness derived from a recollection of facts, are admissible; but otherwise, when such impressions are derived from the information of others, or some unwarrantable deduction of the mind.

It is the province of the Jury to draw conclusions from the facts stated by the witness.

WRIT OF ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

The opinion in this cause contains a full statement of its history, and fully explains the issues decided:

Specifications of Errors, Points and authorities submitted by Plaintiffs in Error:

*First.* That the Court erred in admitting that part of the answer of Robert W. Latham, a witness for the Plaintiffs examined under the commission of Plaintiffs, to the 5th cross interrogatory, wherein the said witness stated his impressions, to wit:

The Bank of Commerce *v.* Selden, Withers & Co.

" My impression was that he (Mr. Rittenhouse) knew it (the " check) was for my use."

1st.　Because the witness did not testify to any fact within his own knowledge.

2d.　Because the said testimony was not based upon any statement of facts testified to by the witness.

3d.　Because the said testimony is a mere matter of opinion or inference.

4th.　Because the said testimony was too uncertain.

5th.　Because the said testimony was insufficient.

*Second.*　That the Court erred in admitting that part of the answer of the said Robert W. Latham to the 9th cross interrogatory, wherein he stated his impressions, to wit: " I cannot state positively, but am under the impression that they (the Plaintiffs) did " (know that the collateral securities were the property of the witness.)

1st.　Because the witness did not testify to any fact within his own knowledge.

2d.　Because the testimony was not based upon any statement of facts testified to by the witness.

3d.　Because it appears the witness had no knowledge upon the subject.

4th.　Because the said testimony was mere matter of inference or opinion.

5th.　Because the said testimony was too uncertain.

6th.　Because the said testimony was insufficient.

### AUTHORITIES.

As to the 1st and 2d alleged errors and the points thereunder specified :

*3d Am. Ed.,* 4 *Cowen & Hill's notes on Phillips on Evidence, p.* 725–6 ; *The case of the Nereide,* 9 *Cranch,* 416 ; *Cutler vs. Carpenter,* 1 *Cow.,* 81, 83 ; *Clark vs. Bigelow,* 4 *Shep.,* 246, 1 *vol.; Supplement to U. S. Digest, Sec.* 1405 ; *Jones vs. Childs,* 2 *Dana,* 25, 2 *vol.; U. S. Digest, Sec.* 1974, *p.* 290 ; *Carter vs. Connell,* 1 *Wharton,* 392 ; *Connalt vs. Post,* 8 *Watts,* 406, 408, 411 ; *2nd Saunders on Pleading and Evidence,* 493, *2nd Am. Ed.*

Points and authorities of Defendants in Error :

There was no error in the admission of the answer of Robert W. Latham to the cross interrogatory of Defendants, in which he said : "Mr. Rittenhouse, I suppose, knew, there is "no doubt about it, that the check was in my handwriting, and "that the words "Good, Selden, Withers & Co., were in my "handwriting; I cannot state positively whether it was or was "not known to him. *My impression was that he knew it was* "*for my use.*"—2 *Vol. Phil. Ev.*, *p.* 749, *note* 526 ; 1 *John R.*, 99 *and* 103 ; 6 *Curtis decis. Sup. Ct. U. S.*, 145, *Riggs vs. Fulve;* 5 *Ibid.*, 396 *or* 9 *Cranch*, 416, *Nereide;* 7 *East* 66, *Rex vs. Johnson*, 5 *Conn. R.*, 111 ; 1 *Phil. Ev.*, 454 ; 3 *Phil. Ev.*, 1222, *note* 866 ; 12 *Gill vs. John.*, 244 ; 2 *Vol. U. S. Dig.*, *p.* 297, *Sec.* 2158 ; 5 *Shep.* 260, *Lewis vs. Freeman* ; 4 *Ibid.*, 727, *Sec.* 1603 ; 14 *Idem.*, 280, *Sec.* 268 ; 12 *Geo.*, 257 ; 8 *Watts*, 406, *Connalt vs. Post*, 4 *Wharton*, 334 ; 13 *Ohio*, 513 ; 5 *Pick.* 246 ; *Greene Ev.*, *Vol.* 1, *p.* 571.

The Plaintiff having constructive notice that the check was for the individual use of R. W. Latham, in that it was drawn in his individual name, could not be damnified by the admission of any testimony tending to prove notice ; therefore, even had the admission of Latham's answer been improper, if the law had not presumed such notice, under the circumstances in this case, the testimony was wholly immaterial and innocuous, and consequently no grounds for revisal. 4 *John. R.*, 260, 271, 273; 16 *John.*, 386, *ante;* 2 *Cowan*, 251 ; 2 *Scam.*, 9.

The fact that the check was drawn by R. W. Latham was constructive notice to the Plaintiffs that it was for his individual use. 4 *John.*, 260, 271, 273 ; 16 *John.*, 38, *ante;* 19 *John.*, 157 ; *Story & Partner*, 102 *note*, 132 *note*, *page* 202 *note*, 216, 217, 218, 219, 223 *notes.*

The check, when offered in evidence, not being accompanied by the $5000 ch. & Ohio cord B'ds, the Plaintiffs were not entitled to recover, even had they been able to show that the check was for Defendants' use, and endorsed "Good" with their consent. The Bonds were a part of the instrument and inseparable from it.

An erroneous admission of evidence is no ground for reversing a judgment, if the verdict must have been the same with-

out such evidence.　4 *Vol. U. S. Dig.*, 724, *Sec.* 1532; 1 *Cowan*, 257, *Trowbridge vs. Baker;* 2 *Scam.*, 9, *Forsythe vs. Banter.*

It was entirely competent for the Defendants to show the fact that the check was not negotiated for the use of the firm or with the knowledge or consent of Selden, Withers & Co., Defendants.

There was no error in the admission of any of the testimony for which error is assigned by the Plaintiffs in error.

HOLLINSHEAD & BECKER, Counsel for Plaintiffs in Error.

D. COOPER, Counsel for Defendants in Error.

*By the Court*—WELCH, J.　This was an action brought by the Plaintiffs in Error against the Defendants in Error upon a check drawn by R. W. Latham, one of the Defendants, upon the Defendants, and accepted in the firm name of Selden, Withers & Co., the Defendants.

The complaint sets out the drawing of the check—the check, and the acceptance of the Defendants in their firm name.

The answer simply traverses the allegations of the complaint by averring want of knowledge or information sufficient to form a belief.

Upon the trial the Defendants offered in evidence certain depositions taken under a commission; among the number was the deposition of R. W. Latham, one of the Defendants. To portions of· said Latham's answers, objections were made upon the trial, which were overruled by the Court.

The Jury returned a verdict in favor of the Defendants, upon which verdict judgment was rendered for costs.

To the ruling of the Court exceptions were taken.　One objection overruled by the Court was to a portion of the witness', (Latham's) answer to the fifth interrogatory in said commission.　The interrogatory is in these words: "Did not the "Plaintiffs, or some one or more of them, know at the time you "negotiated that check, that you wrote the words 'Good: Sel-"den, Withers & Co.,' on said check for your own individual "use and benefit, and not for the use and benefit of the "house of Selden, Withers & Co., the Defendants?"　To this

interrogatory the following answer was given, viz: "Mr. Rit- "tenhouse, I suppose, knew, there is no doubt about it, that "the check was in my handwriting, and that the words 'Good: "Selden, Withers & Co.,' were in my handwriting. I cannot "state positively whether it was or was not known to him. "*My impression was that he knew it was for my use.*"

To the latter part of this answer, stating the impression of the witness, objection was made, which was overruled by the Court. To this ruling an exception was taken, which has been incorporated into a bill of exceptions, and thus is brought up by writ of error as a part of the record in this case.

In examining the record in the case, it seems that a different case has been presented upon the argument, from the one presented by the record. The complaint sets out the drawing of a check and its acceptance by the Defendants. The Defendants are sued as acceptors of the check. The answer traverses the making of the check and its acceptance. The only issues presented by the pleadings were as to the drawing of the check and its acceptance by the Defendants. It follows, therefore, that all evidence on the part of the Defendants not tending to support the issues tendered by them, was incompetent. It was the duty of the Defendants to deny the allegations of the complaint, or to confess and avoid such allegations. They have seen fit to deny the allegations. No question, therefore, could arise as to whether this check was for the individual benefit of Latham, or whether the Plaintiff had notice that he, (Latham,) applied the money procured upon the negotiation of the check, to his own use. If the Defendants wished to raise these questions, they should have set out the facts as they were, or as they claimed they were. This would have allowed the Defendants to introduce any competent testimony bearing upon the issues thus presented. It appears to me, therefore, that not only the answer of the witness to the fifth interrogatory was incompetent, but that nearly all the testimony offered was alike objectionable.

The case, however, seems to have been tried and argued in good faith, and I am inclined to examine, so far as is proper, the questions of law presented upon the argument.

The first question presented is as to the answer before allu d-

ed to. The rule is as well settled as any other rule of evidence, that a witness must testify of his *own knowledge*, and from his recollection of *facts* within his *own knowledge*, and not to his *belief* or *opinion*.

As to actual knowledge, a witness stating facts can only state those of which he has a *personal knowledge*, and cannot be examined as to his *belief* or *persuasion*. 2 *Saund. Pl. and Ev.*, 491. To this rule there are exceptions. In questions of identity and personal skill, a witness may testify to a belief, (not founded in knowledge;) but in respect to facts which are supposed to lie within the compass of his memory, the rule is otherwise. *Starkie*, 153. If the *fact* is impressed upon the memory, but the recollection does not rise to positive assurance, then such impression is admissable; but if such impression is not derived from a *recollection* of the *facts*, and are so slight that it may have been derived from the information of others, or some unwarrantable deduction of the mind, they are not admissable.

Now let us apply the above tests to the question before us. The question propounded is as to the knowledge of the Plaintiffs, or some one of them, of a certain fact—*i. e.*, whether the witness accepted the check in the firm name for his own individual use and benefit.

The nature of the question is such that the witness, perhaps, could not answer directly of his own knowledge; he could not know of his own knowledge what another *knew*. He might have a knowledge of facts which would render an opinion as conclusive as in a case where a witness has personal knowledge. The Plaintiffs might have told him, or he might have told the Plaintiffs as to his object; in such case the opinion of the witness would be conclusive for his own satisfaction, and if he gave the facts upon which the opinion was founded, it would probably be satisfactory to others. In such a case, however, the true rule would be for the witness to state the facts upon which his opinion was founded. If the facts were as in the case supposed, others would draw the same conclusion as the witness; and in such a case, although the impression or opinion was given before the reasons for such opinion, probably no one would think of objecting to the opinion itself.

The facts, however, should be stated, and not the opinion of witnesses, and conclusions from the facts must be drawn by the Jury.

In this case, the witness merely states a naked impression: he may have known facts which would have warranted a Jury in forming an opinion similar to his own, but he certainly does not state them.

The answer of the witness contains no reasons to warrant the finding of the Jury; and the addition of the witness' opinion can give no legitimate weight or effect to the other parts of the answer.

The witness gives a mere opinion, an impression as he calls it, literally. He could not, in the nature of things, give anything but an opinion when he undertook to testify of anything except *facts*.

The judgment of the District Court is reversed and the cause remanded, with directions to issue a *venire facias de novo*.